Steve GIANNETTI; Stanley Felderman, individually, dba Giannetti–Felderman Associates, Plaintiffs—Appellants,

v.

THE BURLINGTON INSURANCE COMPANY, Defendant—Appellee.

No. 04–55344.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Nov. 18, 2005.

Decided March 7, 2006.

Glenn H. Johnson, Esq., Soni Law Firm, Pasadena, CA, for Plaintiffs-Appellants.

Jean M. Lawler, Bryan M. Weiss, Esq., Murchison & Cumming, Los Angeles, CA, for Defendant-Appellee.

Before: HUG and WARDLAW, Circuit Judges, and SUKO,* District Judge.

MEMORANDUM **

In early 1999, Giannetti and Felderman, dba Giannetti–Felderman Associates ("Giannetti"), were engaged by Habicht, the architect of record for the 101 Ocean construction project, to perform a variety of professional services including visual design, drafting and related services. Habicht obtained a general liability insurance

---

* The Honorable Lonny R. Suko, United States District Judge for the Eastern District of Washington, sitting by designation.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

policy from The Burlington Insurance Company. The policy contained an endorsement that excluded liability for personal injury or property damage arising out of professional services. Giannetti was added as an additional insured.

The Homeowners Association of 101 Ocean Boulevard brought an action in California state court against various entities for property damage resulting from faulty construction. Five of the defendants in that action brought cross claims for indemnity and related causes of action against others involved in the construction of the project, including Giannetti. In May 1999, Giannetti tendered its defense in the action to Burlington, which denied coverage and any duty to defend, based on the professional services exclusion. All of the actions were ultimately settled before a state trial was conducted.

Giannetti brings this federal action against Burlington for reimbursement of attorney fees for defending the state action and for punitive damages.

The district court, in a bench trial, held there was no potential for coverage and no duty to defend under the terms of the Burlington policy. We review the district court's construction of the terms of the policy *de novo* and the facts applicable to the policy under the clearly erroneous standard. We agree with the district court's legal conclusion that the professional liability clause excludes any coverage for damages arising from Giannetti's professional services. The district court found that "there is absolutely no evidence in the record indicating that Giannetti did anything other than provide professional services" and "no evidence that Giannetti ever brought to Burlington's attention facts indicating other theories of liability." That finding is not clearly erroneous.

The court did not err in denying the motion for a new trial. Accordingly, we affirm the judgment of the district court.

**AFFIRMED.**